FILED

May 14, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 12:40 PM



## COURT OF WORKERS' COMPENSATION CLAIMS
## DIVISION OF WORKERS' COMPENSATION

| | | |
|---|---|---|
| **Carlton Moseley,** | ) | **DOCKET #: 2014-06-0097** |
| | ) | **STATE FILE #: 84846-2014** |
| **Employee,** | ) | **DATE OF INJURY: October 9, 2014** |
| | ) | **Judge Joshua Davis Baker** |
| **v.** | ) | |
| | ) | |
| **Vanderbilt Medical Center and** | ) | |
| **Vanderbilt University,** | ) | |
| | ) | |
| **Employer (Self-insured).** | ) | |

## EXPEDITED HEARING ORDER

THIS CAUSE came before the undersigned Workers' Compensation Judge on April 15, 2015, upon the Request for Expedited Hearing filed by Carlton Moseley, the employee, on April 1, 2015, pursuant to Tennessee Code Annotated section 50-6-239 to determine if the employer, Vanderbilt Medical Center and Vanderbilt University (Vanderbilt) is obligated to provide medical benefits. Considering the positions of the parties, the applicable law, and all of the evidence submitted, the Court concludes that Mr. Moseley is entitled to the requested relief.

## ANALYSIS

### Issue

Whether Mr. Moseley sustained an injury that arose primarily out of and in the course and scope of employment with Vanderbilt.

### Evidence Submitted

The Court admitted into evidence the exhibits below:

A. Medical Records of Carlton Moseley, Vanderbilt University Medical Center (13 pages)
B. Form C-42, Choice of Physician, October 17, 2014
C. Wage Statement
D. Form C-23, Notice of Denial, October 30, 2014.

Mr. Moseley was the only witness who provided in-person testimony.

1

The Court designated the following as the technical record:

- Petition for Benefit Determination, December 19, 2014
- Vanderbilt's position statement, January 9, 2015
- Dispute Certification Notice, March 17, 2015
- Request for Expedited Hearing, April 1, 2015.

The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings or any attachments to them as allegations unless established by the evidence.

**History of Claim**

Mr. Moseley is a fifty-nine (59) year-old resident of Davidson County, Tennessee, who works for Vanderbilt as an electrician.

He testified that in October of 2014, he was hanging fifty-five inch (55") monitors in the operating room at Vanderbilt University Medical Center.[1] Mr. Moseley had been taking hanging monitors for several workdays and testified that hanging the monitors required him to lift them over his head. Mr. Moseley testified that when he arrived home after work, "I noticed that I had no strength in my right arm—I mean I couldn't lift my right arm." Mr. Moseley testified that he had suffered a rotator cuff injury before and recognized the symptoms.

Vanderbilt offered a panel (Exhibit B), from which Mr. Moseley chose Vanderbilt Occupational Health Clinic. He saw Nurse Practitioner Nakiesha Micheaux on October 17, 2014, and told her that he believed he had injured his shoulder while lifting monitors. He said "I think my rotator cuff is hurt." Nurse Micheaux noted the following, in relevant part:

> Date of Injury: 10/9/2014… EE arrived to clinic c/o right shoulder pain. EE states he had been taking off panel covers and hanging monitors frequently since October 9th. … EE states that since the 9th he has been having pain that has been coming and going but has now become constant. … EE states that he has been performing job duties for a little over 10 yr. … He denies any trauma.

NP Micheaux diagnosed osteoarthritis to the right shoulder, advised him to follow up with his primary care physician, and assigned no work restrictions. X-rays performed on that same visit concluded, "1. Significant rotator cuff deficiency as evidenced by the high RIGHT humeral head. 2. Mild glenohumeral and acromioclavicular joint osteoarthritis."

Mr. Moseley returned for authorized care on October 21, 2014. He saw Dr. Norman

---

[1] When he testified at the hearing, Mr. Moseley could not recall the exact date he hung the monitors. The medical records, however, identify October 9, 2014, as the date of injury. Additionally, the Dispute Certification Notice identifies October 9, 2014, as the date of injury.

Quesada, who wrote, "[H]e report (sic.) recently installing multiple TV monitors in the OR. He has a remote history of right rotator cuff tear with surgery ~ 12 years ago." Dr. Quesada's impression was, "Significant rotator cuff deficiency as evidenced by the high right humeral head," and, "Mild glenohumeral and acromioclavicular joint osteoarthritis." He referred Mr. Moseley to physical therapy and restricted him from overhead motion with his right hand and arm, and occasional pushing, pulling and lifting up to fifteen (15) pounds. The physical therapy referral form listed the diagnosis as "rotator cuff syndrome of the shoulder."

Vanderbilt denied Mr. Moseley's claim on October 27, 2014, asserting that the injury "[d]oes not appear to have arisen out of the course and scope of employment" (Exhibit D). It has not authorized the physical therapy.

When he could no longer receive care from Vanderbilt, Mr. Moseley sought care on his own and had an MRI on November 17, 2014. The MRI report concluded:

> 1. Chronic full-thickness, full-width supraspinatus and infraspinatus tendon tears with moderate musculotendinous retraction and muscle atrophy.
> 2. Moderate subscapulararis and long head of biceps tendinopathy.
> 3. Circumferential labral degeneration.
> 4. Full-thickness cartilage loss involving the superomedial humeral head.
> 5. Capacious posterior capsule is indicative of prior capsular stripping.

Dr. Harley Odom, who reviewed the MRI results, emailed Mr. Mosely on November 19, 2014, stating:

> Just wanted to let you know that your MRI shows a chronic tear of your rotator cuff, as well as degenerative changes of your shoulder/labrum. Given these findings and your symptoms, you should definitely keep the appointment for consultation with the orthopedic physician as we discussed to review possible treatment options.

Mr. Moseley did not have a consultation with an orthopedic specialist.

### Mr. Mosely's Contentions

Mr. Mosely asserts he sustained a right rotator cuff injury in the course of employment with Vanderbilt. He requests that the Court order Vanderbilt to provide further care and pay his medical bills.

3

**Vanderbilt's Contentions**

Vanderbilt asserts that it properly denied the claim on compensability grounds. It argues that Mr. Moseley failed to carry his burden of proving that his injury arose primarily out of and in the course and scope of employment with Vanderbilt. It argues that the panel physician diagnosed arthritis and the MRI shows a "chronic" situation that is not indicative of specific trauma.

**Findings of Fact and Conclusions of Law**

*Standard Applied*

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially, and in accordance with basic principles of statutory construction favoring neither the employee nor employer." Tenn. Code Ann. § 50-6-116 (2014). Tennessee Code Annotated section 50-6-239(c)(6) provides that, "[u]nless the statute provides for a different standard of proof, at a hearing the employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence." Tenn. Code Ann. § 50-6-239(c) (2014). A different standard of proof exists for the issuance of interlocutory orders at expedited hearings than the standard of proof required at compensation hearings." *McCord v. Advantage Human Resourcing*, No. 2014-06-0063 (Tenn. Work. Comp. App. Bd., March 27, 2015). A workers' compensation judge may enter an interlocutory order for medical or temporary benefits upon a determination that the injured employee would likely prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2014); *cf. McCall v. Nat'l Health Care Corp.*, 100 S.W.3d 209, 214 (Tenn. 2003).

*Factual Findings*

The Court finds that Mr. Moseley began experiencing weakness in his shoulder on October 9, 2014, after he arrived home from work. The Court finds that Mr. Moseley's work at Vanderbilt over the weeks prior to October 9, 2014, required him to lift fifty-five inch (55") monitors over his head to install them in hospital operating rooms. The Court finds that Dr. Quesada, the authorized treating physician, recognized that Mr. Moseley had an issue involving his right rotator cuff. The Court finds that Mr. Moseley made a reasonable choice to seek unauthorized treatment from Dr. Odom after Vanderbilt denied his claim. The Court finds that Dr. Odom recommended evaluation by an orthopedic specialist. The Court finds that Mr. Moseley has a right-rotator cuff tear and an arthritic-shoulder condition. The Court finds that no physician has opined on whether his work at Vanderbilt caused his right rotator cuff tear or aggravated his arthritic-shoulder condition.

*Application of Law to Facts*

In order for an injury to be compensable, it must have been accidental. Under the Tennessee Workers' Compensation Law, an injury is accidental "…only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence…" Tenn. Code Ann. § 50-6-

102(13)(A) (2014). "An injury "arises primarily out of and in the course and scope of employment" only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" Tenn. Code Ann. § 50-6-102(13)(B) (2014).

Mr. Moseley testified that he hung several fifty-five inch (55") monitors in the operating room at Vanderbilt over a period of several weeks. He testified that after he went home from work one day he "…noticed that I had no strength in my right arm—I mean I couldn't lift my right arm." The Court finds that Mr. Moseley carried his burden of proving a specific set of circumstances that *may* have caused the rotator cuff tear.

Vanderbilt correctly asserts that Mr. Moseley has not carried his burden of proving that his injury arose primarily out of his employment. However, the missing element is medical causation. The Court holds that it is not necessary for Mr. Moseley to prove medical causation in order to receive temporary medical benefits. Enforcing such a high burden early in his claim would yield the unreasonable result of prohibiting Mr. Moseley from receiving medical care for the rotator cuff tear without first securing an expert opinion on medical causation.

The Court further finds Dr. Quesada's diagnosis of "mild glenohumeral and acromioclavicular joint osteoarthritis" insufficient for Vanderbilt to deny benefits on the ground of compensability. Vanderbilt decision to deny further benefits is insufficient because the subsequent MRI revealed "chronic…tendon tears." The physical therapy referral form listed the diagnosis as "rotator cuff syndrome of the shoulder." While it is likely true that Mr. Moseley's arthritic condition did not result from his work at Vanderbilt, Dr. Quesada has not provided an opinion on the cause of the rotator cuff tear. Further, Dr. Quesada has not provided an opinion on whether the work installing monitors aggravated Mr. Mosely's pre-existing, arthritic-shoulder condition.

Tennessee law requires an employer to provide "…free of charge to the employee such medical and surgical treatment…made reasonably necessary by accident as defined in this chapter[.]" Tenn. Code Ann. § 50-6-204(a)(1)(A) (2014). Mr. Moseley has an injury. At this point, however, it is unclear from a medical standpoint, whether the work caused the injury or aggravated Mr. Mosely's pre-existing arthritic-shoulder condition. Mr. Moseley, therefore, has a right to a causation opinion to determine whether his injury: is an acute work-related injury; an aggravation of his pre-existing arthritic-shoulder condition; or, is not work-related at all. The Court, therefore, finds that Vanderbilt must provide Mr. Moseley an additional evaluation with Dr. Quesada so that he may provide an opinion on medical causation as related to the rotator cuff tear or refer him to an orthopedic specialist for an opinion on causation. If medical causation is established, Vanderbilt shall provide continuing, reasonable and necessary care, with an appropriate physician.

**IT IS, THEREFORE, ORDERED** as follows:

1. Vanderbilt shall schedule and pay for an additional evaluation with Dr. Quesada so that he may provide an opinion on the medical causation of Mr. Moseley's right rotator cuff

injury or refer Mr. Moseley to an orthopedic specialist for an opinion. In the event medical causation is established, Vanderbilt shall provide continuing, reasonable and necessary care with an appropriate physician.

2. This is not a final order.

3. This matter is set for Initial Hearing on July 16, 2015, at 10:30 a.m. The hearing will be convened via teleconference. Information on how to participate in the hearing is included below.

4. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven (7) business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2014). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Division by email to WCCompliance.Program@tn.gov no later than the seventh (7th) business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ISSUED AND FILED WITH THE CLERK ON THIS THE 14th DAY OF MAY, 2015.**

_____
**Joshua Davis Baker**
**Workers' Compensation Judge**

Initial Hearing:

An Initial Hearing has been set with Judge Joshua Davis, Court of Workers' Compensation Claims. You must call (615) 741-2113 or toll free at (855) 874-0474 to participate in the Initial Hearing. Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to

6

appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The Judge must approve the statement of the evidence before the Clerk of Court shall submit the record to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 14th day of May, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|---------------|------------------|---------|-----------|-----------|---------------|
| Carlton Moseley | | | | | | Cmos1956@gmail.com |
| Raymond Leathers | | | | | | rsleathers@howardtatelaw.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**

8